FILED '08 AUG 04 09:53 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CONNIE FALK,                                          Civ. No. 07-1592

          Plaintiff,                                  OPINION AND ORDER

     v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Rory Linerud
P.O. Box 1105
Salem, OR  97308
     Attorney for plaintiff

Karen J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

1 - OPINION AND ORDER

David Burdett
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, Washington 98104-7075
        Attorneys for defendant

AIKEN, Judge:

Plaintiff Connie Falk seeks judicial review of the Social Security Commissioner's final decision denying her applications for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). The Commissioner's decision is affirmed.

**BACKGROUND**

On November 4, 2004, plaintiff protectively filed an application for SSI benefits. Tr. 314-17. On November 23, 2004, plaintiff filed an application for DIB. Tr. 74-76. The applications were denied initially and on reconsideration. Tr. 30-41. After timely requesting a hearing, plaintiff testified before an administrative law judge (ALJ) on November 8, 2006. Tr. 28, 350-80. The record was left open pending a mental status examination, and on July 3, 2007, the ALJ held a second hearing and heard testimony from plaintiff and a vocational expert (VE). Tr. 333-49. On July 20, 2007, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 10-23. On October 2, 2007, the Appeals Council denied plaintiff's request

2 - OPINION AND ORDER

for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 6-8. Plaintiff now seeks judicial review.

Plaintiff was forty-eight years old at the time of the ALJ's decision, with a high school education and past relevant work as a school bus driver and teacher's aide. Tr. 74, 103, 314, 358. Plaintiff alleges disability since March 3, 2003 due to right knee injury and chronic pain. Tr. 74, 92-93, 314.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## DISABILITY ANALYSIS

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th

3 - OPINION AND ORDER

Cir. 1986).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 15; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff suffered from "severe" impairments of degenerative joint disease of the right knee, degenerative disc disease of the cervical spine, obesity, adjustment disorder, and pain disorder, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  Tr. 15-17; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

At step four, the Commissioner evaluates the claimant's residual functional capacity (RFC) and determines whether the claimant can perform past relevant work.  Here, the ALJ found that plaintiff retained the RFC to perform sedentary work. Tr. 17. Specifically, the ALJ found that, with a sit/stand option,

4 - OPINION AND ORDER

plaintiff could walk or stand up to two hours and sit up to six hours in an eight-hour workday and could lift, carry, push and pull up to ten pounds occasionally and less than ten pounds frequently. Tr. 17.   The ALJ also found that plaintiff was moderately limited in her ability to understand, remember, and carry out detailed instructions or maintain concentration for extended periods of time, and perform work activities consistently.   Tr. 17.   Finally, the ALJ found that plaintiff should avoid regular contact with the general public.   Tr. 17. Based on these findings, the ALJ found that plaintiff could not perform her past relevant work.   Tr. 22; 20 C.F.R. §§ 404.1520(e), 416.920(e).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy.   Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).   Relying on the testimony of the VE, the ALJ found that plaintiff was able to perform sedentary work as a stuffer.   Tr. 22-23.   Therefore, the ALJ found plaintiff not disabled under the meaning of the Act.

## DISCUSSION

Plaintiff claims that the ALJ erred in assessing her RFC and in finding that she was able to perform other work as a stuffer. Specifically, plaintiff argues that the ALJ improperly rejected her

subjective complaints and the opinion of a treating physician regarding her ability to use foot pedals and failed to consider the limiting affects of her obesity.

A.  Consideration of "New" Evidence

In support of her arguments, plaintiff presents evidence that is not part of the administrative record, including a 2003 work release form completed by Dr. Wuest, a treating physician, and the favorable decision regarding her 2007 application for disability benefits.  Rather than expanding the record, the proper remedy at this stage of the proceedings would be to remand the case to the Commissioner for review of additional evidence, if it is "new" and "material." 42 U.S.C. § 405(g) (sentence six remand); Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (sentence six remand appropriate "where new, material evidence is adduced that was for good cause not presented before the agency"); Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001).  However, I find that it is not.

First, the 2003 work release completed by Dr. Wuest is not "new," and plaintiff provides no good cause for late submission of this medical report.  Mayes, 276 F.3d at 463.  Second, the 2003 work release contains information generally included in the evidence of record and does not "bear directly and substantially on the matter in dispute." Id. at 462 (internal quotation marks and citation omitted).  Notably, Dr. Wuest completed a subsequent work release in May 2004, after plaintiff was medically stable, that did

6 - OPINION AND ORDER

not specify the foot limitations contained in the 2003 work release. Tr. 169. Like the 2003 work release, the 2004 assessment states that plaintiff cannot return to her previous work as a bus driver, an opinion accepted by the ALJ. Accordingly, the 2003 work release is not "material," because there is no "reasonable possibility that the new evidence would have changed the outcome of the . . . determination." <u>Mayes</u>, 276 F.3d at 462.

Similarly, the favorable decision regarding plaintiff's 2007 application for disability benefits is not material to the ALJ's decision in this case. Plaintiff's 2007 application alleged disability due to asthma as well as depression and knee pain, and additional medical evidence was submitted and reviewed as part of that decision. Therefore, I decline to remand for consideration of additional evidence submitted by plaintiff.

B. RFC Assessment

Plaintiff argues that the ALJ erred in his assessment of her RFC, because he rejected plaintiff's testimony that she had difficulty driving and using foot pedals. Plaintiff's Brief, p. 8. Defendant also relies on Dr. Wuest's 2003 work release that notes limitations on plaintiff's ability to use her feet and argues that the ALJ improperly rejected Dr. Wuest's opinion.

Plaintiff's argument is premised on the definition of "stuffer" in the Dictionary of Occupational Titles (DOT). According to that definition, a stuffer "[t]ends machine that blows

filler into stuffed-toy shells . . . . Depresses pedal to blow cotton or chopped foam rubber filler into shell to impart shape to toy." Plaintiff's Brief, p. 11. Plaintiff maintains that her testimony and Dr. Wuest's 2003 work release establish that she cannot operate foot pedals and is therefore unable to perform other work as a stuffer. However, plaintiff ignores the final line of the DOT definition that states, "May stuff toys by hand." Therefore, plaintiff's RFC does not preclude performing work as a stuffer, as the VE testified at the administrative hearing. Tr. 347-48.

Moreover, contrary to plaintiff's argument, nowhere in the ALJ's opinion does he expressly reject plaintiff's testimony regarding her ability to use foot pedals or find that plaintiff "had no problems with her ability to use her feet caused by knee impairments." Plaintiff's Brief, p. 14. Instead, the ALJ recited relevant medical and lay evidence to support his finding that plaintiff "is able to ambulate more that she has alleged." Tr. 21. The ALJ noted her daily activities (such as driving), her work activity, and her reports to physicians in support of this finding, Tr. 18-21, and further explained that plaintiff "has not provided any medical records contravening the assessment of her treating physicians or the state agency medical consultants that she is capable of performing sedentary work." Tr. 21. I agree and find that the ALJ's reasons are clear, convincing, and supported by

evidence in the record.  Tr. 95-102, 111-19, 163, 166, 169, 170, 262, 287-89; <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1283-84 (9th Cir. 1996).

Likewise, the ALJ did not "reject" Dr. Wuest's 2003 assessment regarding plaintiff's ability to use foot controls, because Dr. Wuest's 2003 work release was not before the ALJ and is not part of the administrative record.  Furthermore, Dr. Wuest's May 2004 assessment did not include specific foot restrictions.  Tr. 169. <u>Osenbrock v. Apfel</u>, 240 F.3d 1157, 1163-65 (9th Cir. 2001) (an ALJ may reject restrictions that are not supported by substantial evidence).  Thus, the ALJ's RFC findings are consistent with the functional limitations assessed by plaintiff's treating physicians, Dr. Wuest and Dr. Fletchall, both of whom opined that plaintiff would be capable of sedentary work.  Tr. 163, 166, 169, 170.

Plaintiff also argues that the ALJ failed to consider limitations caused by her obesity.  However, the ALJ recognized that her obesity was a severe impairment and limited plaintiff to sedentary work, as recommended by her treating physicians.  Tr. 15, 163, 166, 169, 170.  Plaintiff fails to identify any occupational restrictions caused by obesity that were not included in the ALJ's RFC assessment or explain how further discussion of her obesity would have affected the ALJ's findings.

Accordingly, I find no error in the ALJ's determination of plaintiff's RFC.

**CONCLUSION**

Substantial evidence in the record supports the ALJ's findings and conclusion that plaintiff was not disabled under the Act during the period of alleged disability.  Therefore, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this ___/___ day of August, 2008.


_____
Ann Aiken
United States District Judge

10 - OPINION AND ORDER